**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ANDREW STEVEN WALKER** **PLAINTIFF**

**V.** **CASE NO. 5:26-CV-5235**

**RICKY BAKER (Springdale Police Officer);**
**JAY CANTRELL (Sheriff of Washington County); BEN CAMERON (Prosecuting Attorney); and KELLY WARD (Public Defender)** **DEFENDANTS**

**ORDER**

On November 2, 2026, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 12) that advised that the Amended Complaint should be dismissed upon preservice screening. On November 18, 2026, Plaintiff Andrew Steven Walker filed Objections to the R&R (Doc. 14), which triggered this Court's *de novo* review of the entire record.

Mr. Walker alleges that on March 27, 2026, he was falsely arrested for Aggravated Assault, Domestic Battery in the Third Degree, and Fleeing. The victim in the case claimed Mr. Walker had choked her. Officer Ricky Baker arrived at the scene, took the victim's statement, and then arrested Mr. Walker. It is Mr. Walker's contention that the victim was drunk and lying about the choking incident and that Officer Baker fabricated evidence about the crime scene. Mr. Walker further alleges that Kelly Ward, his public defender for the state prosecution, and Ben Cameron, the prosecuting attorney, both violated his constitutional rights by failing to obtain and disclose as evidence Officer Baker's bodycam footage—which Mr. Walker maintains would have

completely exonerated him. Mr. Walker also sues Washington County Sheriff Jay Cantrell for failing to adequately train his investigating officers, including Officer Baker.

Upon review of the record, the Court finds that Mr. Walker's objections fail to substantively engage with the Magistrate Judge's citations to the underlying criminal docket and to her legal reasoning. Though he insists his prosecution for Aggravated Assault, Domestic Battery, and Fleeing violated his constitutional rights under 42 U.S.C. § 1983, he fails to acknowledge that he pleaded guilty to two of the charges—Fleeing and Domestic Battery—and the State *nolle prossed* the third charge of Aggravated Assault. The R&R is correct that Mr. Walker is barred from collaterally attacking his convictions for Fleeing and Domestic Battery under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As for the Aggravated Assault charge, however, the Magistrate Judge assumed Mr. Walker meant to assert a claim for malicious prosecution under the Fourth Amendment. To state such a claim, he must point to facts to show that Officer Baker charged him without probable cause. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024).

As the Magistrate Judge correctly observed, Mr. Walker admitted in documents he filed *pro se* in his criminal case that the victim accused him of choking her and that she told Officer Baker this when he arrived at the scene. Though Mr. Walker disputes that he *actually* choked the victim, a reasonably prudent officer has probable cause to arrest based solely on a victim's credible allegations. *See* Doc. 12, pp. 5–6 (citing cases). Mr. Walker contends the victim was not credible because "[i]f [he] choked her to were [sic] she couldn't breath [sic], she would have had . . . markings around her whole neck" instead of "2 small marks in one spot." (Doc. 14, p. 2). Suffice it to say Mr.

Walker's argument is unpersuasive to the Court, and the malicious prosecution claim is without merit.

As for Mr. Walker's claims against public defender Ward and prosecuting attorney Cameron, the objections fail to engage with the R&R's careful explanation as to why Mr. Ward is not considered a state actor subject to suit under § 1983 and why Mr. Cameron is shielded from liability by absolute prosecutorial immunity. Accordingly, Mr. Walker's clams against both these parties will be dismissed.

Finally, Mr. Walker agrees to the dismissal of his claims against Sheriff Cantrell and even filed a motion to dismiss him from the suit. *See* Doc. 13.

In view of the Court's discussion above, **IT IS ORDERED** that the Objections to the R&R are **OVERRULED**, and the R&R is **ADOPTED IN FULL**. Mr. Walker's Motion to Dismiss Sheriff Cantrell (Doc. 13) is **GRANTED**, and all claims against him are **DISMISSED WITH PREJUDICE**; all claims against Defendants Ward and Cameron are **DISMISSED WITH PREJUDICE** for the reasons stated in the R&R; and all claims against Defendant Baker are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. All other pending motions are **TERMINATED**, and the case is **CLOSED**.

**IT IS SO ORDERED** on this 20th day of November, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE